United States District Court
Southern District of Texas
**ENTERED**
October 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SCOTT MOMPER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-295 |
| | § | |
| AMADONNA MOMPER, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

This is the second time that Scott Momper, *pro se*, has tried to remove these divorce and child custody proceedings from the 306th Judicial District Court of Galveston County, Texas to this Court. *See* 3:17-cv-0063, *Momper v. Momper*.

On October 2, 2017, Momper filed his latest Notice of Removal with this Court, with language directed at the state court, stating that it no longer had jurisdiction "for any further effects within this cause, bar none, including attempts to hold any hearings or issue any orders . . ." Dkt. 1. This appears to have been a calculated attempt to avoid the bench trial set by the state court.

As an initial matter, the Court must examine its own subject-matter jurisdiction here. Even without a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The Court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In determining whether to remand, the party

seeking to remove the case to federal court bears the burden of establishing that federal jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Further, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). Courts have discretion when applying § 1447(c), and should consider whether the defendant had "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

The Court notes here that Momper has failed to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," as required under § 1447(a), but this Court may nonetheless take judicial notice of these documents under Federal Rule of Evidence 201(b)(2). Pleadings in other court proceedings are the proper subject of judicial notice as matters of public record. *See Curry v. Ocwen Loan Servicing LLC*, CV H-15-3089, 2016 WL 3920375, at *3 (S.D. Tex. July 14, 2016); *Cedron Trust v. Citimortgage, Inc.*, Civ. Action No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. April 8, 2015) (taking judicial notice of state court documents "that are a matter of public record" attached to a motion to dismiss and notice of removal by the defendant bank in a mortgage foreclosure case); *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 2000 WL 423367, at *1 (5th Cir. 2000) (unpublished) (noting that it was appropriate for the magistrate judge to take judicial

notice of documents related to previous state-court proceeding and federal action); *see also Joseph v. Bach & Wasserman, L.L.C.*, 487 Fed. App'x. 173, 178 n.2 (5th Cir. 2012) (unpublished); *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*, Civ. Action No. H-13-0734, 2013 WL 5781240, at *1 n.12 (S.D. Tex. Oct. 25, 2013).

Accordingly, the Court takes judicial notice of the pleadings and the docket sheet in the underlying state case, Case No. 16-FD-3187, *IN THE MATTER OF THE MARRIAGE OF: AMADONNA MOMPER AND SCOTT JEFFREY MOMPER*, in the 306th Judicial District Court of Galveston County, Texas. The docket sheet of that case reveals that a bench trial was set for 1:30 p.m. on October 2, 2017. However, at 11:48 a.m., Scott Momper filed his Notice of Removal in this Court, and he then shortly thereafter filed a copy with the state court.

Momper's notice of removal and subsequent filings valiantly attempt to cast this custody dispute and divorce proceeding as a constitutional question that vests this Court with subject-matter jurisdiction. As this Court has stated before, it is not. This most recent removal, like the last, is defective, untimely, and is not supported by subject-matter jurisdiction.

Accordingly, the Court hereby **REMANDS** this case to the 306th Judicial District Court of Galveston County, Texas. The Court further directs the Clerk of Court to remand this action in accordance with the usual procedure.

Plaintiff has not moved to remand, nor has she requested attorney's fees and costs incurred as a result of the improper removal, and the Court therefore awards none at this

time. However, if further motions are filed in this case, the Court may determine that an award of attorney's fees or costs is appropriate.

Additionally, the Court hereby admonishes Momper that all of his filings in this Court, whether in this case or a future case, are subject to Rule 11 of the Federal Rules of Civil Procedure, and that a failure to conform to that Rule may result in appropriate sanctions.

SIGNED at Galveston, Texas, on October 3 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE